[Civ. No. 4822. First Appellate District, Division Two.—May 5, 1924.]

LOUISE HEANEY, Administratrix, etc., Appellant, v. JOSEPH MADDEN et al., Respondents.

[1] NEGLIGENCE—COLLISION BETWEEN PEDESTRIAN AND AUTOMOBILE—ACTION FOR DAMAGES—INSTRUCTIONS—CONSTRUCTION.—In an action for damages for the death of a person who was struck by an automobile in passing from the rear end of a street-car, from which he had previously alighted, to the sidewalk, which automobile, it was alleged, was being operated within six feet from the lowest step of the street-car on the right-hand side thereof in violation of an ordinance, the plaintiff's claim that a given instruction that "If you believe the deceased alighted from the street-car and without looking for approaching vehicles walked into the automobile in question then you are instructed that he was guilty of contributory negligence and plaintiff cannot recover" was received by the jury as though the words "and while within six feet of the lowest step" were interpolated after the words "street-car," cannot be sustained.

[2] ID.—INSTRUCTIONS—CONSTRUCTION.—In such an action, another given instruction that "I instruct you that the chauffeur who is operating an automobile along a public street at a reasonable and moderate rate of speed and with due care, has a right to assume that pedestrians using said street will exercise ordinary care in doing so, and will see that which is plainly to be seen," cannot be said to have been received by the jury as though it were worded as follows: "I instruct you that the chauffeur who is operating an automobile along a public street at a reasonable and moderate rate of speed and with due care, has a right to assume that pedestrians using *that portion of the street within six feet of the lowest step of the car* and other portions of said street will exercise ordinary care in doing so, and will see that which is plainly to be seen."

(1) 28 Cyc., p. 49.    (2) 28 Cyc., p. 49.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

S. W. Molkenbuhr for Appellant.

1. See 14 R. C. L. 817.

Ford & Johnson for Respondents.

STURTEVANT, J.—Plaintiff commenced an action against the defendants to recover damages for the death of her husband alleged to have been caused by the negligent operation of an automobile while operated by one of the servants of the defendants. The jury brought in a verdict in favor of the defendants, and the plaintiff has appealed under section 953a, Code of Civil Procedure.

On the seventeenth day of August, 1921, John F. Heaney, the deceased, alighted from the rear end of a Valencia street-car near the southerly line of Eighteenth Street in San Francisco. While passing from the street-car to the sidewalk a collision occurred between him and an automobile being operated by the servant of the defendants. On the trial of the case it was the theory of the plaintiff that the defendants' automobile was not operated with due care, and, secondly, that it was being operated within six feet from the lowest step of the street-car on the right-hand side thereof. On the other hand, it was the theory of the defendants that their automobile was being operated in a careful manner, at a low speed, and in a zone outside of the six-foot space above mentioned. When the plaintiff opened her case her attorney made an opening statement delineating her theory. When the defendants opened their case their attorney made an opening statement delineating their theory. Each party thereafter introduced evidence and after the arguments of counsel the court instructed the jury.

At this point it is proper to state that the evidence offered by the plaintiff consisted of an attempt to prove that the decedent was struck by defendants' automobile while the decedent was yet within the six-foot zone above mentioned. On the other hand, the evidence offered by the defendants consisted of evidence to the effect that the automobile of the defendants did not at any time approach inside of the six-foot zone, but, according to the testimony of some of the witnesses, it was eight feet away from the side of the street-car.

In giving its instructions the trial court read to the jury sections 2 and 18 of Ordinance 1857 (N. S.). Those two sections are respectively as follows:

"Sec. 2. Every person riding, driving, propelling or in charge of any vehicle upon any of the streets, shall ride, drive or propel such vehicle upon such streets in a careful manner and with due regard to the safety and convenience of pedestrians and other vehicles upon such streets."

"Sec. 18. Every person, riding, driving, propelling or in charge of any vehicle upon any street, shall keep such vehicle at least six feet on the right-hand side from the running board or lowest step of any street-car, which is stopping for the purpose of taking on or discharging passengers, and if by reason of the presence of vehicles at the place where such car is stopping, or by reason of the narrowness of the street, or for any other reason, it is not possible to preserve such distance of six feet from the running board or lowest step as herein prescribed, then such person shall stop such vehicle until such car shall have taken on, or discharged its passengers and again started."

It also gave a formal charge and certain instructions requested by the plaintiff and certain instructions requested by the defendants. The instructions are very full and complete and cover fifteen pages of the transcript. The appellant claims that two of the instructions so given at the request of the defendants resulted in prejudicial error. [1] One of those instructions was worded as follows: "If you believe the deceased alighted from the street-car and without looking for approaching vehicles walked into the automobile in question then you are instructed that he was guilty of contributory negligence and plaintiff cannot recover." The appellant's objection to that instruction is this: The appellant claims the instruction was received by the jury as though it were worded as follows: "If you believe the deceased alighted from the street-car, *and while within six feet of the lowest step,* without looking for approaching vehicles walked into the automobile in question, then you are instructed that he was guilty of contributory negligence and plaintiff cannot recover." [2] The other instruction complained of was as follows: "I instruct you that the chauffeur who is operating an automobile along a public street at a reasonable and moderate rate of speed and with due care, has a right to assume that pedestrians using said street will exercise ordinary care in doing so, and will see that which is plainly to be seen." The appellant's objection to the second instruction is that the jury re-

ceived the instruction as though it were worded as follows: "I instruct you that the chauffeur who is operating an automobile along a public street at a reasonable and moderate rate of speed and with due care, has a right to assume that pedestrians using *that portion of the street within six feet of the lowest step of the car* and other portions of said street will exercise ordinary care in doing so, and will see that which is plainly to be seen." We think it is not necessary to go further than to state that the interpolations indicated do violence to the language used by the trial court and that nothing is present in the record which justifies a construction of the language of the trial court as including such interpolations. The point is entirely without merit.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 3, 1924.

All the Justices concurred.